UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JADEN INVESTMENTS TRUST, ACCOMMODATION PARTY FOR GERMAN GLORIANI EMELO, JR., <br><br> Plaintiff(s), <br><br> vs. <br><br> JP MORGAN CHASE BANK, N.A., c/o MARIANNE LAKE, CFO., <br><br> Defendant(s). | 2:13-cv-002153-RCJ-NJK <br><br> **O R D E R** |

Before the Court is Proposed Intervenor Citibank, N.A.'s Motion to Intervene. Docket No. 11. Responses were due no later than February 15, 2014. *See id*. To date, no response has been filed. The Court finds this motion appropriately resolved without oral argument. Local Rule 78-2.

**BACKGROUND**

This case centers around an alleged default judgment and its alleged effect on Plaintiff's obligations under a deed of trust securing a mortgage on a real property. Docket No. 11, at 2. The real property at issue was acquired by Plaintiff German Gloriani Emelo, Jr. on August 16, 2005 via a grant, bargain, sale deed. *Id*. The deed of trust at issue was recorded on September 7, 2006. Docket No. 9-3.

Under the deed of trust, the "Lender" is New Line Mortgage, the "Borrower" is Plaintiff Emelo, and the "Trustee" is Lawyers Title, with Mortgage Electronic Registrations Systems, Inc.

1  ("MERS") "acting solely as a nominee of Lender and Lender's successors and assigns," was
2  designated as the "Beneficiary." Docket No. 11, at 3.  The Note secured by the deed of trust was
3  $1,120,000.00.
4  　　　　On September 7, 2007, a second deed of trust was recorded. *Id*. Under that deed of trust,
5  the "Lender" and "Beneficiary" is Bank of America, NA, the "Borrowers" are Plaintiff Emelo
6  and Ms. Josephine Emelo, and the "Trustee" is PRLAP Inc. *Id*. A credit limit of $250,000.00 was
7  secured by the 2007 deed of trust. *Id*.
8  　　　　On August 24, 2012, MERS assigned its interests to Citibank, N.A.. *Id*. That same day,
9  JP Morgan Chase Bank N.A., as attorney in fact for Citibank, N.A., substituted National Default
10  Servicing Corporation as Trustee on the 2006 deed of trust. *Id*.

## DISCUSSION

### I.   Non-Oppostion

Pursuant to Local Rule 7-2, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. Here, neither party in this action has filed a response in opposition to Citibank's motion. Accordingly, they both consent to the granting of the motion.

### II.  Intervention as of Right

To intervene as of right under Fed.R.Civ.P. 24(a)(2), the applicant must claim "an interest relating to the property or transaction which is the subject of the action and [that] the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Specifically, an applicant for intervention as of right must demonstrate that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004); *citing United States v. City of Los Angeles,* 288 F.3d 391, 397 (9th

Cir. 2002) (citation omitted).

The party seeking to intervene bears the burden of showing that all the requirements for intervention have been met. *Id*. However, in determining whether intervention is appropriate, courts are guided primarily by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention. *Id*.

### A. Significant Protectable Interest Relating to Subject of the Action

Here, Plaintiff is challenging the validity of a deed of trust securing a $1.1 million note. *Id*. Citibank is the beneficiary of that deed of trust. Docket No. 11, at 5. Therefore, Citibank has a significant interest at stake of this litigation.

### B. Disposition of the Action impact on Citibank's Ability to Protect its Interest

The outcome of this case will directly impact Citibank's ability to collect on the note. Thus, the action substantially affects Citibank's interests.

### C. Adequacy of Representation

The current Defendant does not stand to lose a property interest worth over $1 million. Therefore, it lacks any incentive to advance arguments protecting the deed of trust. *Id*., at 6. Accordingly, the Court finds that Citibank's interests are not adequately protected in this litigation.

### D. Timeliness

Timeliness is a flexible concept; its determination is left to the district court's discretion. *Alisal Water Corp.*, 370 F.3d at 921; citing *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1156 (9th Cir. 1981). Courts weigh three factors in determining whether a motion to intervene is timely: "(1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *Id*.; citing *Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002).

Here, this litigation is in its infancy; Plaintiff has not filed an opposition thus indicating that it will not suffer any prejudice; and, finally, any delay that may result from allowing Citibank to intervene would be minimal. Therefore, Citibank's motion is timely.

Accordingly, the Court finds that Citibank has satisfied the intervention as of right

1  standard under Fed.R.Civ.P. 24(a)(2) and hereby grants Citibank's motion.

2  **CONCLUSION**

3  Based on the foregoing, and good cause appearing therefore,

4  IT IS HEREBY ORDERED that Proposed Intervenor Citibank, N.A.'s Motion to

5  Intervene, Docket No. 11, is GRANTED.

6  DATED this   4th    day of March, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge