**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JADEN INVESTMENT TRUST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 2:13-cv-02153-RCJ-NJK |
| vs. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, N.A., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff via the present action seeks to register a civil judgment in this Court. The putative judgment appears to be from a court styled as the "Shaykamaxum Grand/Suprme Court of Atlan/Amexem Al Moroc NW." (*See* ECF No. 1). There is no such American jurisdiction, and there is no indication of any foreign sovereignty or recognized Indian tribe by that name. Plaintiff has attempted to regeister a judgment from this entity in another court of this District. (*See* Order, Dec. 5, 2013, ECF No. 11 in Case No. 2:13-cv-2063-MMD-PAL (dismissing for lack of jurisdiction)).

Defendant has moved to dismiss for lack of jurisdiction and lack of standing. The Court grants the motion for both reasons and because Plaintiff has not timely responded. *See* Local R. 7-2(d). First, there is no jurisdiction under 28 U.S.C. § 1963 to register any judgment except one issued by a "court of appeals, district court, bankruptcy court, or in the Court of International Trade." 28 U.S.C. § 1963. The alleged court in the present case clearly is not one of these. The

Full Faith and Credit Clause itself applies only to judgments of states sought to be registered in other states, and the Full Faith and Credit statute applies only to judgments of states sought to be registered in federal court. *See* U.S. Const. art. IV, § 1; 28 U.S.C. § 1738.  Whatever Shaykamaxum or Atlan/Amexem Al Moroc are, they are not states.  Second, a trust is not a separate legal entity that can sue or be sued:

> A trust is not a legal entity.  A trust is not an entity distinct from its trustees and capable of legal action on its own behalf, but merely a fiduciary relationship with respect to property.  A trust is not a legal "person" which can own property or enter into contracts, rather, a trust is a relationship having certain characteristics.

76 Am. Jur. 2d *Trusts* § 3 (2005) (citing *Roberts v. Lomanto*, 5 Cal. Rptr. 3d 866 (Ct. App. 2003); *Stevens Family Trust v. Huthsing*, 81 S.W.3d 664 (Mo. Ct. App. 2002); *Dennett v. Kuenzli*, 936 P.2d 219 (Idaho Ct. App. 1997)) (footnotes omitted).  Only a trustee may sue or be sued as to the contents of the trust, and none has appeared here.  Furthermore, a trustee appearing in that capacity may only appear through an attorney if he is not also a beneficiary of the trust at issue. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Intervene (ECF No. 11) and the Motion to Dismiss (ECF No. 8) are GRANTED.

IT IS FURTHER ORDERED that the Motion for Writ of Execution (ECF No. 4) and Motion for Entry of Clerk's Default (ECF No. 13) are DENIED.

IT IS FURTHER ORDERED that the Clerk shall enter judgment and close the case.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge